## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**                                   **CASE NO. 5:11-cr-50095**

**NELSON ROCKWELL**                                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Nelson Rockwell's Motion For Relief Under 28 U.S.C. § 2255 (Doc. 20), the Government's Response (Doc. 23) and Supplement to Response (Doc. 24), Rockwell's Reply (Doc. 25) and Amended Reply (Doc. 29), and the Government's Sur-Reply (Doc. 32). Rockwell's Motion argues that he was sentenced under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), which was held unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government's Sur-Reply concedes that the sentence is unconstitutional and must be vacated. The Court therefore **GRANTS** Rockwell's Motion (Doc. 20) and **ORDERS** the case to be set for resentencing.

### I.    BACKGROUND

Nelson Rockwell pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on November 18, 2011. On March 1, 2012, the U.S. Probation Office filed a a final Pre-Sentence Investigation Report ("PSR") noting that Rockwell had three prior violent felony convictions, which qualified as predicate offenses under the Armed Career Criminal Act (the "ACCA"). (Doc. 16). Under the ACCA, a defendant convicted of an offense under 18 U.S.C. § 922(g) who has three previous convictions

1

for a "violent felony" or a "serious drug offense" is subject to a 15-year mandatory minimum sentence. In Rockwell's case, the PSR relied on the following three prior violent felony convictions: (1) a burglary offense in Kansas City, Kansas, in 1998; (2) a second-degree burglary offense in Mt. Vernon, Missouri in 1998; and (3) an attempted third-degree burglary offense in Van Buren, Iowa, in 1999. Accordingly, on March 1, 2012, this Court[1] enhanced Rockwell's sentence under the ACCA, and sentenced him to 180 months imprisonment, three years of supervised release, and a $100.00 special assessment. (Doc. 18).

Rockwell filed the instant Motion under 28 U.S.C. § 2255 seeking to vacate his sentence on April 18, 2016. The Motion contends that his 1998 second-degree burglary and 1999 attempted third-degree burglary offenses no longer qualify as predicate violent felonies under the ACCA after *Johnson*, 135 S. Ct. 2551. Initially, in its Response to Rockwell's Motion, the Government disagreed, and argued that those offenses remained predicate violent felonies, even in the wake of *Johnson*. However, shortly after the Government filed its Response, the Supreme Court decided the case of *Mathis v. United States*, 136 S. Ct. 2243 (2016), which clarified the process for determining whether certain offenses constitute violent felonies. In light of *Mathis*, the Government's Sur-Reply concedes that Rockwell's 1998 second-degree burglary and 1999 attempted third-degree burglary offenses no longer qualify as predicate violent felonies under the ACCA, and that he is entitled to resentencing.

---

[1] The Hon. Jimm L. Hendren.

2

## II.    DISCUSSION

### A.    The ACCA

Generally, a defendant found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a *maximum* term of imprisonment of ten years. 18 U.S.C. § 924(a)(2). However, if the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony," the ACCA imposes a *minimum* term of imprisonment of fifteen years. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as a crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the ACCA's "residual clause." *See Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557. Accordingly, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id*.

In striking the residual clause, the Court held the clause void in its entirety. *Johnson*, 135 S. Ct. at 2561.   Additionally, on April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that has retroactive effect in cases on

3

collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).[2] Thus, defendants whose sentences were previously enhanced under the ACCA may be entitled to resentencing if the prior felonies on which the enhancement relied only qualified as violent felony predicates under the residual clause.

## B.   Determining Whether a State-Law Conviction Qualifies as a "Violent Felony"

After *Johnson's* invalidation of the residual clause, if an offense does not "ha[ve] as an element the use . . . of physical force," the offense can only qualify as a violent predicate felony if it "is burglary, arson, or extortion, [or] involves use of explosives." 18 U.S.C. §§ 924(e)(2)(B)(i) and (ii). When determining whether a state-law conviction qualifies as one of these enumerated violent felonies, the Supreme Court has instructed that courts should not rely on the labels and definitions applied by state law. Instead, as the Supreme Court explained in *Taylor v. United States*, such crimes should be given their "generic" definitions. 495 U.S. 575, 598 (1990).

For example, a prior conviction constitutes burglary if it has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. Where a state burglary statute is coextensive with this generic definition, or narrower than this definition, a sentencing court can easily conclude that a prior state conviction constitutes burglary under the generic definition. However, if the state's burglary statute is broader than the generic definition, the sentencing court should take one of two approaches, depending on the specific nature of the statute. *Taylor*, 495 U.S. at 599-600. Where the broader state statute is

---

[2] The Eighth Circuit had recognized *Johnson* as a substantive change, and thus retroactive, even prior to *Welch*. *Woods v. United States*, 805 F.3d 1152, 1154 (8th Cir. 2015).

4

"indivisible"—that is, does not include disjunctive phrases to delineate alternative elements of the offense—courts should take a "categorical approach" and look only to the elements of the offense to see whether they are the same as, or narrower than, the generic definition. *Id*. at 600; *see also Descamps v. United States*, 133 S. Ct. 2276, 2281-82 (2013) (holding that sentencing courts may not consult additional documents when the defendant was convicted of a crime that has a single, indivisible set of elements).

In contrast, where the broader state statute is "divisible"—meaning it includes a disjunctive phrase to delineate alternative elements of the offense—the Supreme Court has approved of a "modified categorical approach." *Descamps*, 133 S. Ct. at 2281, 2285. Under the modified categorical approach, a sentencing court is allowed to look beyond the bare elements of the offense, to certain documents of record in the state case, to determine whether the defendant was convicted on elements that conform to the generic definition. *See Taylor*, 495 U.S. at 602; *Descamps*, 133 S. Ct. at 2284.

In *Mathis*, 136 S. Ct. at 2243, the Supreme Court clarified that the modified categorical approach applies only to statutes that list "multiple *elements* disjunctively," and not to those that merely "enumerate[] various *factual means* of committing a single element." *Id*. at 2249 (emphases added). To illustrate the difference, if "a statute requires the use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify," application of the modified categorical approach would be inappropriate because that statute "merely specifies diverse means of satisfying a single element of a single crime." *Id*. "The first

5

task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means." *Id.* at 2256.

### C.    Rockwell's Predicate Felonies

The Court agrees with the parties that Rockwell's 1998 second-degree burglary and 1999 attempted third-degree burglary offenses could only be considered violent felonies under the ACCA's now-defunct residual clause. Beginning first with his 1998 conviction, Missouri's burglary statute in effect at the time stated: "A person commits the offense of burglary in the second degree when he or she knowingly enters unlawfully or knowingly remains unlawfully in a building *or inhabitable structure* for the purpose of committing a crime therein." Mo. Ann. Stat. § 569.170 (emphasis added). The term "inhabitable structure" was defined to include "a ship, trailer, sleeping car, airplane, or other vehicle or structure" meeting certain other criteria. Mo. Ann. Stat. § 569.010. This definition of "inhabitable structure" makes the crime of second-degree burglary in Missouri broader than the generic definition of burglary, which is limited only to "entry into a 'building or other structure.'" *Mathis*, 136 S. Ct. at 2250 (quoting *Taylor*, 495 U.S. at 598). Thus, the Court must determine whether the locations listed by Mo. Ann. Stat. § 569.010's definition of "inhabitable structure" are alternative elements of the burglary offense, or merely alternative means of committing the offense. If they are alternative elements, the Court can apply the modified categorical approach. But, if they are alternative means, the Court must apply the categorical approach and—as the Missouri statute is broader than generic burglary—find that Rockwell's second-degree burglary conviction is not a predicate offense.

6

The Court has little difficulty in concluding that the locations listed in the definition of "inhabitable structure" are alternative means, not elements. Indeed, the *Mathis* case opined that a burglary statute might "itemize the various places that crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific findings (or a defendant admissions) on that score." 136 S. Ct. at 2249. It then said of the Iowa burglary statute at issue in that case (and in this case, *infra*), which enumerated "any building, structure, or land, water, or air vehicle" as places where a burglary could take place, "those listed locations are not alternative elements, going toward the creation of separate crimes." *Id.* at 2250 (alterations and emphasis omitted). Rather, "they lay out alternative ways of satisfying a single locational element . . . ." *Id.* The same is true of Missouri's second-degree burglary statute, which lists the locations where a burglary may occur in a manner materially equivalent to the Iowa statute in *Mathis*.

Having found that Mo. Ann. Stat. § 569.010's list of locations does not make Missouri's second-degree burglary statute divisible, the Court is limited to applying the categorical approach described above. Taking that approach, the Missouri statute is broader than the generic version of burglary because it includes ships, trailers, sleeping cars, airplanes, and other vehicles. As the statute is broader, Rockwell's 1998 second-degree burglary conviction cannot constitute "burglary" under the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), and could have only been considered a predicate violent felony under the now-defunct residual clause. *Id.*

Turning to Rockwell's 1999 attempted third-degree burglary conviction, it too cannot constitute "burglary" under the ACCA, and fits only under the Act's invalidated

7

residual clause. Iowa's attempted third-degree burglary statute in effect at the time

reads in relevant part as follows:

> (1) All attempted burglary which is not attempted burglary in the first
> degree or attempted burglary in the second degree is attempted
> burglary in the third degree. Attempted burglary in the third degree is
> an aggravated misdemeanor, except as provided in subsection 2.
>
> (2) Attempted burglary in the third degree involving an attempted burglary
> of an unoccupied motor vehicle or motor truck as defined in section
> 321.1, or a vessel defined in section 462A.2, is a serious
> misdemeanor for a first offense. A second or subsequent conviction
> under this subsection is punishable under subsection 1.

Iowa Code Ann. § 713.6B. "Burglary" is committed by:

> Any person, having the intent to commit a felony, assault or theft therein,
> who, having no right, license or privilege to do so, enters an *occupied
> structure*, such occupied structure not being open to the public, or who
> remains therein after it is closed to the public or after the person's right,
> license or privilege to be there has expired, or any person having such
> intent who breaks an occupied structure . . . .

Iowa Code Ann. § 713.1 (emphasis added). "Occupied structure," in turn, includes "any

building, structure, appurtenances to buildings and structures, land, water or air vehicle,

or similar place adapted for overnight accommodation of persons, or occupied by

persons for the purpose of carrying on business or other activity therein, or for the

storage or safekeeping of anything of value." Iowa Code Ann. § 702.12.

As stated above, *Mathis* also involved Iowa's burglary statute, and therein the

Supreme Court held the statute to be broader than generic burglary. *Mathis*, 136 S. Ct.

at 2250 (finding that Iowa Code § 702.12 reaches "a broader range of places" than

generic burglary). The *Mathis* Court also held that the locations listed by Iowa Code

§ 702.12 "are not alternative elements, going toward the creation of separate crimes,"

but instead "lay out alternative ways of satisfying a single locational element . . . ." *Id.*

The Eighth Circuit, shortly after *Mathis*, overturned a district court's sentence that factored Iowa's second-degree burglary statute as an ACCA predicate violent felony. *United States v. Pledge*, 2016 WL 3644648, at *1 (8th Cir. July 8, 2016) (per curiam). Given the holdings of *Mathis* and *Pledge*, there can be no question that Rockwell's 1999 attempted third-degree burglary conviction does not constitute a predicate violent felony for purposes of the ACCA.

### III.   CONCLUSION

For the reasons described herein, the Court finds that Rockwell's Motion for Relief Under 28 U.S.C. § 2255 (Doc. 20) is **GRANTED**, and his sentence is **VACATED**. The Probation Office shall prepare a revised PSR, and a date for resentencing shall be set by separate order.

**IT IS SO ORDERED** on this __14th__ day of September, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE